J-S05031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LLOYD GEORGE MAYS, | : | |
| | : | |
| Appellant | : | No. 644 MDA 2019 |

Appeal from the PCRA Order Entered March 19, 2019
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0000643-2011

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 27, 2020**

Lloyd George Mays ("Mays") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We vacate the PCRA court's Order, and remand with instructions.

In 2012, a jury found Mays guilty of rape and related charges, after sexually assaulting his mother on two separate occasions.[1]  The trial court originally sentenced Mays to an aggregate term of 31 to 82 years in prison, but upon consideration of Mays's timely post-sentence Motion, resentenced Mays to an aggregate term of 23½ to 62 years in prison.  Mays filed another post-sentence Motion, which the trial court denied.  This Court affirmed Mays's judgment of sentence.  **See Commonwealth v. Mays**, 91 A.3d 1289 (Pa.

_____

[1] Mays represented himself at trial, with the assistance of stand-by counsel.

Super. 2013) (unpublished memorandum). Mays did not seek review in the Pennsylvania Supreme Court.

Mays filed his first *pro se* PCRA Petition in June 2014, alleging abandonment by prior counsel for failing to file a petition for allowance of appeal to the Pennsylvania Supreme Court. The PCRA court appointed Mays counsel. Following a hearing, the PCRA court denied Mays's first Petition. On direct appeal, this Court reversed the PCRA court's Order, and remanded the case to the PCRA court, with directions to reinstate Mays's right to file a petition for allowance of appeal, *nunc pro tunc*, within 30 days.[2] **See Commonwealth v. Mays**, 122 A.3d 1125 (Pa. Super. 2015) (unpublished memorandum).

On July 22, 2015, the PCRA court entered an Order reinstating Mays's right to file a petition for allowance of appeal, *nunc pro tunc*. Mays timely filed a *nunc pro tunc* Petition for allowance of appeal, which the Supreme Court ultimately denied on December 30, 2015. **See Commonwealth v. Mays**, 130 A.3d 1288 (Pa. 2015).

On January 19, 2016, Mays filed a *pro se* PCRA Petition challenging, *inter alia*, the legality of his sentence. The PCRA court appointed Mays

_____

[2] In December 2014, while the appeal was pending, Mays filed a second *pro se* PCRA Petition, which the PCRA court dismissed on the basis that it lacked jurisdiction to consider it. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding that where a PCRA appeal is pending, a subsequent PCRA petition cannot be filed until resolution of review of the pending PCRA petition by the highest state court in which review is sought, or at expiration of the time for seeking such review).

counsel, who filed an Amended PCRA Petition on his behalf. In the Amended PCRA Petition, counsel asserted that the trial court had imposed its sentence based on an incorrect prior record score. The PCRA court conducted a hearing on May 23, 2016, after which it ordered the parties to file memoranda in support of their respective positions within 30 days. The PCRA court ultimately concluded that the trial court had improperly calculated Mays's sentence based on a prior record score of 4, rather than the correct score of 3, and that all prior counsel had been ineffective for failing to identify the error. The PCRA court therefore granted Mays's Petition, and scheduled a resentencing hearing.

On September 7, 2016, the trial court resentenced Mays to an aggregate term of 21 years, 11½ months, to 62 years in prison. Mays did not file a direct appeal.

Mays filed the instant *pro se* PCRA Petition on April 17, 2017, and the PCRA court appointed Mays counsel. During a scheduled PCRA hearing, the Commonwealth moved to dismiss Mays's Petition. On December 19, 2017, the PCRA court entered an Order directing the parties to file memoranda in support of their respective positions within 30 days of the date of the Order. The PCRA court also indicated that it would not take further testimony. The Commonwealth complied, but Mays failed to file a memorandum. The PCRA court subsequently issued Notice of its intent to dismiss Mays's Petition as untimely filed. On March 19, 2019, the PCRA court dismissed Mays's Petition.

Mays, *pro se*, filed a Notice of Appeal on April 22, 2019.[3] The PCRA court subsequently ordered Mays to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Mays complied.

In his *pro se* Concise Statement, Mays avers, *inter alia*, that "[t]he PCRA [c]ourt denied [Mays's] rule-based right to effective PCRA counsel." Concise Statement, 5/22/19 (some capitalization omitted). We will review this assertion as a preliminary matter.

The record reflects that Mays filed the instant *pro se* PCRA Petition on April 17, 2017. The same day, the PCRA court appointed Michael McHale, Esquire ("Attorney McHale"), as PCRA counsel. From the certified record, it does not appear that appointed counsel filed an amended PCRA petition on Mays's behalf. Indeed, the only filing by Attorney McHale, reflected on the docket, is a Motion for Continuance regarding the PCRA hearing, which was denied.[4] The docket does not indicate that Attorney McHale at any point sought, or was granted, leave to withdraw from representation, nor did the

---

[3] We observe that Mays's *pro se* Notice of Appeal is facially untimely. We acknowledge that the timeliness of an appeal implicates this Court's jurisdiction. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1034 (Pa. Super. 2014). However, for the reasons discussed *infra*, we conclude that Mays's untimely *pro se* filing does not preclude relief under these particular circumstances.

[4] It is unclear from the record whether Attorney McHale appeared at the PCRA hearing.

- 4 -

PCRA court ever conduct a **Grazier**[5] hearing to allow Mays to proceed *pro se*.[6] Further, the certified record contains *pro se* correspondence from Mays to Attorney McHale, in which Mays indicated that he had not been contacted by Attorney McHale and requested a response.

On August 28, 2019, after Attorney McHale failed to file an appellate brief on Mays's behalf, this Court entered an Order remanding this matter to the PCRA court to determine whether Attorney McHale had abandoned Mays. In its October 3, 2019 Order in response, the PCRA court determined that Attorney McHale had abandoned Mays, explained that Attorney McHale had been suspended from the practice of law,[7] and appointed new counsel. We agree with the PCRA court's determination that Attorney McHale abandoned Mays. However, the record supports Mays's apparent assertion that he was abandoned by Attorney McHale during the pendency of his PCRA proceedings, prior to the filing of the Notice of Appeal. **See Commonwealth v. Wooden**,

_____

[5] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

[6] In his PCRA Petition, and the attachment thereto, Mays indicated that he did not wish to be represented by counsel. However, having been appointed counsel, Mays would not have been permitted to proceed *pro se* in the absence of a **Grazier** hearing and the withdrawal of counsel. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (explaining that hybrid representation is not permitted).

[7] Attorney McHale was suspended from the practice of law for a period of one year and one day, by consent, on September 20, 2019, **after** Mays had filed a *pro se* Notice of Appeal in this case. **See** DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA, https://www.padisciplinaryboard.org/ for-the-public/find-attorney/attorney-detail/201826 (last visited March 3, 2020).

215 A.3d 997, 998-1000 (Pa. Super. 2019) (holding that the record supported a finding of abandonment by PCRA counsel, where an amended PCRA petition was filed nearly five years after the PCRA petition had been filed, and the amended petition was the only filing by counsel; the appellant later filed an inmate document request and an untimely *pro se* notice of appeal; counsel had never withdrawn from representation; and counsel had been placed on administrative suspension by the Disciplinary Board); *id.* at 1000 (concluding that an untimely filed, *pro se* notice of appeal did not preclude relief in light of appellant's abandonment by counsel).

Based upon the foregoing, we vacate the Order dismissing Mays's PCRA Petition, and remand for further proceedings as are appropriate under the PCRA. On remand, the PCRA court shall determine whether Mays is entitled to the appointment of counsel pursuant to Pa.R.Crim.P. 904 (concerning the entry of appearance, appointment of counsel and *in forma pauperis* status), and whether Mays wishes to proceed *pro se* or with the assistance of counsel. If Mays is entitled to and desires representation, the PCRA court shall appoint new counsel before the case proceeds before the PCRA court. **See Wooden**, 215 A.3d at 1001 (remanding for appointment of counsel and further proceedings).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/27/2020</u>